**EDGEWATER HOSPITAL, Plaintiff,**

v.

**Otis BOWEN, Secretary, Health and Human Services, Defendant.**

No. 85 C 5866.

United States District Court, N.D. Illinois, E.D.

Nov. 10, 1986.

with this directive, the Secretary is estopped from claiming that plaintiff was required to appeal within 180 days of the first NPR. The Court agrees with plaintiff that the Secretary had an affirmative obligation to inform the plaintiff of its right to appeal the order and the relevant time period within which to do so. The plaintiff was entitled to rely on the second NPR and, therefore, timely filed an appeal of the second NPR.

Accordingly, the Court adopts Magistrate Balog's Report and Recommendation and also finds that the Secretary is estopped from challenging the timeliness of plaintiff's appeal due to the fact that the second NPR issued by the Secretary indicated that plaintiff could appeal that NPR within 180 days. Since the court orders the PRRB to hold a hearing on claims 5 & 13, no findings will be made on plaintiff's constitutional claims.

IT IS SO ORDERED.

Howard M. Hoffman, Norman B. Berger, Christopher B. Cohen, Holleb & Coff, Ltd., Chicago, Ill., for plaintiff.

James J. Kubik, Asst. U.S. Atty., for defendant.

## ORDER

LEINENWEBER, District Judge.

Before the Court is the Report and Recommendation of Magistrate James T. Balog regarding this matter. For the reasons stated herein, the Court hereby adopts Magistrate Balog's Report and Recommendation.

Having reviewed the relevant caselaw and record of this case, the court concludes that the Secretary should not be entitled to benefit from the fact that the second NPR misled the plaintiff. The second NPR, like the first NPR, was entitled, "Notice of Program Reimbursement" and also provided that it was the "Revised and Final Settlement of Reopened Cost Report." Further, the second NPR provided that the plaintiff could write to the Board within 180 days of the second NPR for a hearing. Since plaintiff filed its appeal in accordance

## REPORT AND RECOMMENDATION

July 16, 1986.

JAMES T. BALOG, United States Magistrate.

Before the court are the parties cross-motions for summary judgment. The motions concern plaintiff Edgewater Hospital's claim for Medicare reimbursement.

Hospitals are entitled to reimbursement from the government for the actual, reasonable costs of furnishing care to Medicare beneficiaries. 42 U.S.C. § 1395cc(a)(1) (1982); 42 U.S.C. § 1395x(v)(1)(A) (1982). In seeking reimbursement, a hospital ("provider") may receive payments from a private agency. *Id.* § 1395h. If, as in the case at bar, the provider selects a private agency, that agency acts as the fiscal intermediary for the Secretary of Health and Human Services ("Secretary"), *Id.*, and is initially responsible for awarding reimbursement. 42 C.F.R. § 405.406 (1983). The fiscal intermediary in the instant case is Blue Cross/Blue Shield of Illinois ("BCBS"). The final determination of reimbursable costs is made on the basis of

the costs claimed by providers in the year-end cost report.

The rest of the fiscal intermediary's review process is succinctly stated in *St. Joseph's Hospital v. Heckler*, 786 F.2d 848 (8th Cir.1986) as follows:

"After reviewing the claims submitted by a provider, the fiscal intermediary issues a notice of reimbursement detailing those costs that will be allowed by the intermediary. *Id.* § 405.1803. If a provider is dissatisfied with this determination, it is entitled to request a hearing before the fiscal intermediary. *Id.* § 405.1807.

When a hearing has been requested, the decision of the intermediary made after that hearing is, subject to revision, its final determination. *Id.* §§ 405.1833, 405.1885. If a provider is satisfied with the intermediary's initial determination or for some other reason declines to request a hearing, that decision, contained in the intermediary's notice of reimbursement, also becomes its final determination. *Id.* § 405.1807.

After the decision of the fiscal intermediary becomes final, a provider may seek further review before the Provider Review Reimbursement Board (PRRB or Board). 42 U.S.C. § 1395oo. However, a provider's right to seek further review is strictly limited. Review may be obtained only if the provider first satisfies four threshold requirements: (1) the provider must file a timely cost report with the fiscal intermediary; (2) the provider must be dissatisfied with the fiscal intermediary's final determination; (3) the amount in controversy must be $10,000 or more; and (4) the appeal to the Board must be filed within 180 days of notice of the intermediary's final determination. 42 U.S.C. § 1395oo(a); *see also Athens Community Hospital v. Schweiker*, 686 F.2d 989, 991 (D.C.Cir.1982)."

The subject of controversy in the case at bar is whether the plaintiff filed the appeal within 180 days notice of the intermediary's final determination. The Secretary contends that if Edgewater did not file an appeal to the Board within 180 days, then the Board's refusal to hear the appeal would not be a "final decision" which the statute requires in order for the Board to have jurisdiction to hear the claim. 42 U.S.C. § 1395oo(f).

In determining whether Edgewater filed its appeal to the Board within 180 days, the parties admit the following facts:

Edgewater applied to BCBS for cost reimbursement from the Secretary for the hospital's fiscal year ending March 31, 1983. On February 15, 1984, the fiscal intermediary issued a Notice of Program Reimbursement ("NPR") specifically disallowing four items: Edgewater's claim for $461,460, representing costs associated for bringing the hospital in compliance with safety codes (Item 5); Edgewater's claim for $36,474 representing various laboratory expenses (Item 9); Edgewater's claim for $81,969 for funding of an educational program at one of Edgewater's satellite facilities (Item 13); and other miscellaneous lab expenses (Item 39).

On February 23, 1984, Edgewater requested that the intermediary reconsider the adjustments in the NPR to Items 5, 9, 13 and 39.

By letter dated March 22, 1984, the intermediary stated its position with respect to Items 5, 13 and 39 were the same and gave reasons why it felt Edgewater should not be reimbursed for those items. (R. 321–22). BCBS did recompute the adjustment for Item 9. *Id.*

On March 30, 1984, BCBS sent Edgewater a second notice of Program Reimbursement (R. 298). The notice stated it was the "Revised Final Settlement Reopened Cost Report." *Id.* The notice recomputed Item 9. On September 26, 1984, Edgewater requested a hearing on Adjustments # 5 and # 13 before the Provider Reimbursement Review Board. (R. 309–10). The PRRB denied the request for review because it claimed Edgewater was required to file an appeal within 180 days of the first NPR.

The court does not agree with the Secretary's reasoning and recommends that the Board does have jurisdiction to hear Edgewater's claim for Items 5 and 13. The

cases upon which the Secretary relies are ones in which the plaintiffs conceded that they did not meet the threshold requirements of Section 1395oo(a). In those cases, the issues were raised *after* the cost reports were submitted and *after* the NPR's were issued. *See, e.g. Athens Community Hospital, Inc. v. Schweiker*, 743 F.2d 1, 4 (D.C.Cir.1984) ("It is undisputed that these cost reports did not include requests for reimbursement of certain stock option costs ..."); *St. Mary of Nazareth Hospital, Ctr. v. Schweiker*, 741 F.2d 1447, 1449 (D.C.Cir.1984) ("St. Vincent concedes it did not indicate until after the NPR was issued that it was claiming that labor/delivery patients should be excluded from the routine count.")

As the court stated in *St. Joseph's*, when a provider challenges the Board's determination that it has failed to satisfy the threshold requirements of Section 1395oo (a), this is a final decision for purposes of judicial review. The court stated: "Otherwise, the PRRB could effectively preclude any judicial review of its decisions simply by denying jurisdiction of those claims that it deems to be nonmeritorious. Such a device would obviously thwart the salutory purposes of Section 1395oo (f). 786 F.2d at 85." (quoting *Saline Community Hospital v. Secretary of HHS*, 744 F.2d 517, 520 (6th Cir.1984) (per curiam).)

The court does recognize that the court in *Athens* stated that "only the matters revised are open to review." *Id.* at 8. However, Edgewater had no notice that the items claimed (5 & 13) would not be revised until the second NPR of March 30, 1984 or at least until the letter of March 22, 1984, from the intermediary. Because the claims for compliance with safety codes and the outpatient clinic were included in the cost report and considered by the intermediary in its letter of March 22, 1984, it would defeat the "salutory purposes" of Section 1395oo(f) to begin the 180 day appeal period until the second NPR was issued on March 30, 1984. Because I recommend the court to order the PRRB to hold a hearing on these claims, I make no findings of plaintiff's constitutional claims and accord-

ingly attorneys' fees may not be granted pursuant to 42 U.S.C. § 1988.

For these reasons, it is recommended that the court GRANT the plaintiff's motion for summary judgment and DENY the Secretary's motion for the same and order the PRRB to consider the claims raised by Edgewater Hospital in its appeal to the Board dated September 26, 1984.